October 26, 2022

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

      Re: **Molina et. al. v. Xia et. al.**
          **1:22-cv-00864-PKC-RER**

Dear Judge Chen,

    We are the attorneys for the Plaintiffs in the above referenced matter. Pursuant to the Courts order dated October 12, 2022, Plaintiffs submit this letter asserting that this matter should proceed without delay.

**I.    FACTUAL and PROCEDURAL BACKGROUND**

    **A.**    *Molina, et. al. v. Xia, et al*. **(1:22-cv-00864)**

    Plaintiffs bring the above referenced action against Richard Xia ("Xia"), Fleet Financial Group, Inc., X & Y Development Group, LLC, Perini Group, Inc., and Gotham Framing Inc., (the "Worker Case") asserting violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and related regulations, alleging that Defendants, as a joint employer, failed to pay Plaintiffs for work performed at a construction site located at 42-31 Union Street ("Eastern Mirage Project"). Plaintiffs also allege that Defendants failed to provide wage notices and statements, and retaliated against some of the Plaintiffs after they complained about their unpaid work.

    On February 16, 2022, Plaintiffs filed the complaint against Defendants and subsequently filed an Amended Complaint on April 13, 2022 correcting the name for Defendant Gotham Framing, Inc. *See Molina, et. al. v. Xia, et al,.* 1:22-cv-00864 (E.D.N.Y.), ECF Nos. 1, 15. Shortly after Plaintiffs' filing of the Amended Complaint, Defendants then-counsel of record for a separate matter, *S.E.C. v. Xia, et al.*, (the "Government Case") initiated settlement discussions with the undersigned, but then withdrew as counsel entirely and ceased communications. *See S.E.C. v. Xia, et al.*, 1:21-cv-05350 (E.D.N.Y.). After Hon. Taryn Merkl held an Initial Conference on October 11, 2022 and adopted a joint discovery plan, the Worker Case was reassigned to this Court and discovery deadlines were adjourned *sine die*.

    **B.**    *S.E.C. v. Xia, et al.* **(1:21-cv-005350)**

    The Securities and Exchange Commission (S.E.C.) brought a separate action filed on September 27, 2021, for alleged violations of federal securities laws. Complaint, *S.E.C. v. Xia, et al.*, 1:21-cv-005350 (E.D.N.Y.), ECF No. 1, at 1. Plaintiff S.E.C. alleged that Defendant Richard Xia, through a number of entities owned and controlled by Defendant Xia, engaged in a scheme to solicit funds from investors to misappropriate those funds. *See id.*, at 44, 48, 66.

## LEGAL ANALYSIS

**II.**    **UNDER THE *KAPPEL* FACTORS, THE COURT SHOULD PROCEED ON THE WORKER CASE WITHOUT DELAY.**

    In *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996), the court identified a balancing test comprised of five factors, analyzing the Court's inherent powers to regulate its dockets, with the goal of avoiding prejudice to the parties:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.,* 914 F. Supp. at 1058.

    In *Kappel,* the court granted defendants' motion to stay because the plaintiffs failed to show a genuine interest in proceeding expeditiously, the issues central to all matters required resolution before being able to proceed, defendants would be burdened by related discovery in other matters, and avoidable impact on pending cases. *Id.* at 1059.

    **A.**    **The Worker Case should proceed without delay because Plaintiffs are prepared to move forward immediately and would suffer if the matter was stayed**.

    Unlike the plaintiffs in *Kappel*, Plaintiffs here have a strong desire to proceed and seek speedy resolution of their wage claims. Plaintiffs have already waited nearly three years since they were owed payment by Defendant Xia for the work they completed, not knowing that it was part of a scheme to misappropriate funds. Plaintiffs in the Worker Case do not typically have stable work, and are sometimes left living paycheck to paycheck. Plaintiffs anticipated the work commenced in late 2019 would cover food, rent and other essentials in early 2020 and are eagerly waiting to prosecute their claim.

### B. The underlying issues in the Worker Case and the Government case are not the same.

While the court granted defendants' motion to stay in the *Kappel* cases because of central issues found in all matters, the same overlap cannot be found between the Worker Case and the Government Case. There is little overlap in either the legal or factual issues. The basic theory of the Government Case – i.e., that Xia made material misrepresentation to investors—will not affect the workers' claims, regardless of the outcome. The body of relevant facts in the Worker Case has little in common with the relevant facts in the Government Case. The few commonalities that can be found between the cases are the Eastern Mirage Project and Defendant Xia.

This is nearly the exact reverse of the *Kappel* case where the court held that, "without progress toward resolution of the issues underlying [the concurrent actions in another jurisdiction], this case cannot be conclusively resolved." 914 F. Supp. at 1058. It is very hard to see how a resolution of the Government Case will resolve any of the issues at stake in the Worker Case. Therefore, we ask that our clients be allowed to proceed with their claims without delay.

### C. Defendants will not be burdened and have expressed a private interest in moving forward.

The only identifiable burden to Defendants would be the deposition of Defendant Xia. Despite Defendants seeking the deposition of 17 individuals including all 12 Plaintiffs in the Worker Case, it is not clear how the expense in deposing each Plaintiff in the Worker Case would be proportional to an estimated 3-4 weeks of alleged unpaid wages that Plaintiffs claim. Defendants create their own burden with unnecessary litigation efforts. While Defendants dispute joint employment between the Defendant Xia entities and Gotham Framing, Inc., resolving joint employment is not a duplicative effort underlying the Government Case.

### D. The Court and Public Interest are best served by allowing the Worker Case to proceed without delay.

In pursuit of recouping lost funds for investors and completion of the construction project, the SEC in the Government Case may have to pursue a sale of the real estate owned by Mr. Xia. The Court Monitor has hired appraisers and suggested that liquidating the real estate properties may be the best path toward making the investors whole. *Xia, et al.*, 1:21-cv-005350, ECF No. 53, at Section III. However, Plaintiffs in the Worker Case have placed Mechanics Liens on the Eastern Mirage Project. *See Molina, et al.*, ECF No. 15 at 283-307. If a sale is ordered by this Court, creditors with lien interests will have to be satisfied before a buyer can take title. If Your Honor allows us to go forward with litigation of this matter, we believe that there will be a prompt resolution that will include discharge of the lien. Discharge of the lien will in fact

expedite resolution of the Government Case as it will be a step toward liquidating the real estate assets of Mr. Xia.

Separately, in the Court's interest, there is a strong likelihood that settlement will be forthcoming after the completion of a few depositions. The facts disputed in this case are few and the only impediment is Defendant Xia's insistence that he is not liable to Plaintiffs as an employer. We believe that this defense can be addressed swiftly and directly through depositions, as many of our clients will attest that they were directly supervised by Defendant Xia and his agents.

On behalf of the Plaintiffs, we respectfully request that the Court proceed with the discovery schedule set at the last conference held before Magistrate Merkl.

Respectfully submitted,
/s/ Brian Nettle (he/him)
Naoki Fujita (he/him)
Attorneys for the Plaintiffs