**TAKEROOT JUSTICE**

April 21, 2023

<u>Via ECF</u>

The Honorable Raymond E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chamber N 631
Brooklyn, NY 11201

      Re: <u>Molina et. al. v. Xia et. al.</u>, 22-cv-00864-PKC-RER

Dear Judge Reyes:

      This letter shall serve as a joint status update on behalf of all parties pursuant to the Court's Scheduling Order dated February 28, 2023. I emailed and called counsel for Defendants this week and today he responded. I shared a draft copy of this letter to solicit input via email. Based on counsel's response today, the parties' counsel report on Plaintiff's and Defendants' current position as to the progress of litigation and discovery.

      This status letter addresses the following outstanding questions:

          1) Plaintiffs' position on the need for a motion to intervene in the SEC matter;

          2) Actions taken by Plaintiffs since the Feb. 28, 2023 teleconference; and

          3) Proposal for a revised scheduling order.

**Review of Discussion at February 28, 2023 Teleconference**

      By way of review, the parties updated the court at a case management conference held on February 28, 2023. The matter is somewhat complicated because the present litigation is one of many suits for recovery from Richard Xia and his corporate entities (collectively, "the Xia entities").

      Both parties have served initial interrogatories and requests for documents. However, discovery has been halted initially because Defendants' counsel asserted takes the position that Defendants are not able to proceed with litigation because of a preliminary injunction ordered by Judge Chen in a separate securities fraud matter, SEC v. Xia (Case No. 21-cv-05350 (PKC)(RER)) (hereinafter, "the SEC matter"). Because the Defendants have taken this position, during the conference, Plaintiffs' counsel discussed the possibility of making a motion seeking

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and
policy for organizing

**TAKEROOTJUSTICE.ORG**

clarification whether the preliminary injunction in the SEC matter prevented further litigation in this matter.

After the conference concluded, counsel for Plaintiffs reviewed the Court's order dated January 26, 2023, in Case No. 21-cv-05350. The position expressed by Judge Chen makes it clear that motions to intervene as the one contemplated during the February 28, 2023 conference are unwelcome and that pending litigation is not stayed by the preliminary injunction issued on December 8, 2022. To wit, the Court stated that:

> At present, Movants have neither moved for, nor obtained, a judgment that they are seeking to execute against the assets frozen pursuant to the 217 Preliminary Injunction. And there is no guarantee that that will ever occur. Indeed, "[t]o date, the Court has not allowed counsel to appear solely for the... purpose of obtaining an advisory opinion from the Court about the [the scope of the 217 Asset Freeze], and the Court does not intend to do so now that the 217 Preliminary Injunction freezing the assets at issue has been ordered." (See 1/3/2023 Docket Entry.) However, although this Court is without the ability to conclusively resolve the issue for purposes of Movants' state court case, the Court doubts that the 217 Preliminary Injunction bars Movants from obtaining judgments--as opposed to Movants seeking to execute those judgments against assets frozen in this case.

Consequently, Plaintiffs request the Court to permit the parties to proceed with litigation and discovery because as Judge Chen made clear in the SEC matter, any actions undertaken to pursue litigation and judgment in pending actions against the Defendants are unaffected by the preliminary injunction.

The only other matter of note that was discussed before Magistrate Reyes by counsel to the parties was the pendency of a receivership motion filed by the SEC on January 17, 2023 (21-cv-05350, Dkt. 235). Counsel for Defendants expressed the opinion that the appointment of a Receiver may also impede his representation of Defendants in the present matter. More specifically, he seemed to suggest that a Receiver would be empowered to replace him as counsel for Defendants in the present matter. Until Counsel is replaced or files a motion to withdraw, we as Plaintiffs' counsel will continue to serve all discovery requests and papers to current counsel for Defendants.

**Plaintiffs' Actions Since the February 28, 2023 Teleconference**

After reviewing the docket entry referenced above in which Judge Chen clarifies the Court's position on the scope of the injunction in the SEC matter, Plaintiffs would like to proceed with discovery as originally planned. As noted above, both parties have already served

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and policy for organizing

**TAKEROOTJUSTICE.ORG**

each other with interrogatories and requests for documents. Plaintiffs request the Court to permit the parties to proceed with discovery pursuant to an amended scheduling order. I am attaching hereto as Exhibit 1 a proposed amended scheduling order. The dates have been pushed back from the proposed scheduling order that the parties submitted for approval on November 29, 2022. I also shared the same proposed amended scheduling order earlier this week with Defendants counsel and made a request to meet and confer about the scheduling of discovery. As of the filing of this letter, Defendant's counsel has not responded to my request to meet and confer or to the proposed amended scheduling order.

**Amended Scheduling Order**

Because there appears to be no impediment to the parties proceeding with discovery, the Plaintiffs respectfully request that the Court approve the attached scheduling order (Ex. 1). Under the proposed scheduling order, the parties are directed to complete discovery by June 16 and the pre-settlement status conference with counsel would take place on June 28, 2023.

**Defendants' Position.**

Defendant's counsel understands Plaintiff's counsel desire to proceed. However, the situation which involves the potential appointment of a receiver by judge Chen has not changed. There can be no question that, if the Order is issued as requested by the SEC, Defendant's counsel will have no authority to continue as Defendants attorneys. That motion is fully submitted and is *sub judice*.

We note that, at the same time the motion for appointment of a receiver, counsel for Mr. Xia and his related entities filed a motion, seeking relief from Judge Chen's asset freeze order, specifically, to withdraw $200,000 from the frozen funds to pay the costs and expenses associated with due diligence to be performed by an entity potentially interested in loaning a significant amount of money for the purpose of paying the EB-5 investors in the federal action as well as costs and interest claimed to be due and owing by the SEC. That motion was briefed on an expedited schedule resulting in an order dated April 6, 2023 which stated :

> MINUTE ENTRY for a Cross-Motion Hearing before Judge Pamela K. Chen. Appearances for the Securities and Exchange Commission: David Stoelting, Kevin McGrath, Christopher Colorado, and Kim Han; and appearance for Defendant Richard Xia, Defendant Fleet New York Metropolitan Regional Center LLC, and Relief Defendant Julia Yue: Mark C. Rifkin. Case Called. Discussion Held. For the reasons stated on the record, the Court denied Defendants' and Relief Defendant's (collectively,

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and policy for organizing

**TAKEROOTJUSTICE.ORG**

"Movants") request for leave to file for bankruptcy. The Court reserved judgment on Movants' request to use $200,000 in frozen assets to attempt to secure a $260 million loan. The following deadlines were set: By the end of day April 6, 2023, Movants must file, under seal, additional documents for the Courts review (including "Exhibit A," (Dkt. 276-2, at 6) and financial disclosures, (Dkt. 294-1, at 11-12).).) By the same date, Movants must also file a letter advising the Court regarding possible extension of the April 7, 2023, deadline of the pending agreement with Vecta Capital LLC ("Vecta"). (Dkt. 276-2, at 8.) In addition, Movants shall submit a proposed confidentiality or protective order regarding any information shared with the Court and parties about Vecta.

This was followed by an order dated April 17, 2023 which provided:

> ORDER: The Court denies Defendants Xia and Fleet's [285] motion to enter into a Loan Commitment Agreement ("Loan Commitment") and for the release of $200,000 for that purpose, without prejudice to renew. (See Dkts. 285, 297-302, 303, 304, and 309.) First, the (unexplained) time constraints placed on execution of the [276-2] Loan Commitment prevent the Court and SEC from properly investigating and evaluating the proposed lender. Second, and in any event, the Court will not permit Defendants Xia and Fleet to enter into a loan commitment that will lead to the vacating of the asset freeze, unless there is either an agreement by the Parties, or a determination by the Court, regarding: (1) the amount owed to EB-5 investors; and (2) the amount of fines, penalties, and/or prejudgment interest owed to the SEC. In other words, there is no point in Defendants exploring financing options until those amounts have been determined. Indeed, the [276-2] Commitment specifies that any loan would be contingent on "the parties to the SEC Action agree[ing] to a settlement," (276-2, at 7), and the Parties settlement negotiations thus far have not been promising. Third, the Court will not release the $200,000 of Frozen Assets required under the Commitment unless and until Defendants and Relief Defendants comply with Part V.B. of the Preliminary Injunction, which requires them to "give[] a full accounting of their assets and liabilities to the Monitor, as requested by the Monitor[... ]" (Dkt. 217 at 5-6) -- which the Court finds Defendants and Relief Defendants have yet to do. (Dkt. 294-1, at 11-12; see also Dkt. 311.) Thus, on this record and given the extremely short frame imposed by the lender, the Court declines to allow Defendants to use substantial amounts of frozen assets to explore financing options. Finally, given the Court's decision on the loan, the [303] Motion to Amend the [297-1] Confidentiality Order is denied as moot.

However, because the Court believes that a loan of the type and magnitude proposed by Defendants Xia and Fleet -- if accompanied by, or executed after, a determination of the amounts owed to the relevant individuals and entities in this matter -- could form the

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and
policy for organizing

**TAKEROOTJUSTICE.ORG**

basis of a comprehensive settlement resolving this action, the Court directs the Parties as follows: (1) by April 27, 2023, the Parties shall exchange settlement proposals and provide them to the Court ex parte via email, Chen_Chambers@nyed.uscourts.gov; and (2) on May 24, 2023, at 10 AM, the Parties shall appear for a settlement conference at Courtroom 4FN. With respect to the SEC's settlement proposal, it shall provide an assessment of Defendants' prospective liabilities, and to the extent it seeks compensation for harm caused to non-investors, explain the legal basis for doing so. If Defendants wish to discuss financing options during the Settlement Conference, they shall, at least two weeks before the Conference, send the SEC and the Court (via email) any proposed financing option, including detailed background on the proposed lender, loan, and any assets proposed to be used as collateral, and explain whether any proposed lender would agree to appear before the Court for a hearing and testify on the proposed loan in detail. Within one week of Defendants having sent the aforementioned materials, the SEC and Defendants shall meet and confer to discuss the proposed loan. On or before May 17, 2023, the Parties will jointly file, under seal, a report detailing for the Court the results of the conference and any issues discussed by the Parties regarding the proposed loan.

    Accordingly, based on the developments in the SEC action, we continue to maintain that it would be wasteful of judicial and parties' resources to go forward with the discovery in this action.

    Nevertheless, if the court is of the opinion that discovery should move forward, I am duty bound to inform Your Honor, that I will be seeking to withdraw as Mr. Xia and his company's counsel. Without going into precise detail at this juncture, the relationship between my firm and Mr. Xia has broken down for a variety of reasons, the least of which is the fact that my firm has not been paid for any efforts extended on behalf of Mr. Xia and his companies since December, and we do not expect that our client will be in a position to be pay for his defense at any point in the near future. Therefore, I believe I have a sufficient basis to seek withdrawal from this action at this time. I have informed Mr. Xia of my intention to withdraw at some point and advised him that he is free to obtain new counsel. However, until such time that new counsel is available to represent Defendants and/or I have no choice but to seek withdrawal by motion and ensuing order, I assured Mr. Xia that I would up comply with my ethical obligations as attorney of record in this case.

    We thank Your Honor's attention to this matter.

Sincerely,
/s/ *Naoki P. Fujita*
Counsel to Plaintiffs

Respectfully submitted,

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and
policy for organizing

**TAKEROOTJUSTICE.ORG**

**TAKEROOT
JUSTICE**

                     _/s/ *Paul Millus*_____
                     Paul F. Millus
                     Attorney for Defendants

123 Williams St., 16th floor
New York, NY 10038
T: 212-810-6744
F: 212-619-0653

Law, research, and
policy for organizing

**TAKEROOTJUSTICE.ORG**