UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROBIN ENRIQUE MOLINA, *et al.*,

                Plaintiffs,

- against -

RICHARD XIA, a/k/a YI XIA, *et al.*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-0864 (PKC) (JAM)

PAMELA K. CHEN, United States District Judge:

Plaintiffs[1] bring this case against Richard Xia a/k/a Yi Xia ("Xia"), Fleet Financial Group, Inc. ("Fleet"), X & Y Development Group, LLC ("X&Y"), Perini Group, Inc. ("Perini"), and Gotham Framing, Inc. ("Gotham") (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law ("NYLL"), claiming unpaid overtime, minimum wage discrepancies, retaliation, and failure to provide proper paystubs and required notices.[2] (Second Am. Compl. ("SAC"), Dkt. 36, ¶ 14.) Before the Court are three motions. First, Plaintiffs move for default judgment against Defendants for failing to answer Plaintiffs' SAC. (Dkt. 48.) Second, Plaintiffs seek attorney fees in the amount of $41,345.50 and costs in the amount of $909.70, as "prevailing plaintiffs" in this action under the FLSA and NYLL. (Dkt. 50 at 2, 6.) Finally, Defendants Xia, Fleet, and X&Y (collectively,

---

[1] Plaintiffs in this case are Robin Enrique Molina, Alexander Franco Arango, Castro Hernandez Breiner Andres, Gloria Mabel Alvarenga Yanez, Josue Cuevas, Juan Pablo Castillo Marca, Liz Natalia Alvarenga Pereira, Manuel Andres Martinez Ruiz, Sebastian Ignacio Veas Diaz, Wilfredo Ramos Ortiz, Betzabeth Thalía Urrutia Fernandez, Carlos Almarza, and Francisco Cortes. (Second Am. Compl, Dkt. 36 at 1.) Plaintiffs contend that they worked for Defendants as construction workers between December 2019 and January 2020. (*Id.* ¶¶ 2,4.)

[2] Plaintiffs also seek enforcement of Mechanic's Liens under state law. (Second Am. Compl, Dkt. 36 ¶ 12.)

"Moving Defendants") cross-move to vacate the Clerk's entry of default against them.[3] (Dkt. 55.) For the reasons stated herein, the Court grants Moving Defendants' cross-motion to vacate the entry of default and denies Plaintiffs' motions for default judgment and attorney fees. Further, with regard to Defendant Gotham alone, Plaintiffs' motions are denied without prejudice and with leave to renew.

## BACKGROUND

Plaintiffs filed the SAC on July 28, 2023. (SAC, Dkt. 36 at ECF 50.[4]) Shortly thereafter, Moving Defendants' counsel submitted a motion to withdraw as their attorney, citing the asset freeze order entered on December 8, 2022 in a related case against Xia and Fleet as allegedly hampering Moving Defendants' ability to pay counsel in this action.[5] (Dkt. 37-1 ¶¶ 6–9.) On August 11, 2023, while the withdrawal motion was still pending, Moving Defendants, through their counsel, requested an extension of time to answer the SAC. (Dkt. 39 at ECF 1.) That request was granted on August 14, 2023, and gave Moving Defendants until the later of eight days after the withdrawal motion was decided or "whatever date Defendants may be ordered by the Court to

---

[3] Although two defendants—Perini and Gotham—have not cross-moved to vacate the default order, the Court assumes that Perini, which is represented by the same counsel as Xia, Fleet, and X&Y, is joining in the cross-motion to vacate. Perini answered Plaintiffs' First Amended Complaint jointly with Xia, Fleet, and X&Y, (*see* Dkt. 25), and has participated in discovery meetings, represented by the same counsel as the other Moving Defendants, (*see* 10/11/2022, 12/6/2022, and 2/28/2023 Docket Orders). The Court therefore assumes that the omission of Perini from the cross-motion was inadvertent and includes Perini as one of the Moving Defendants. In any event, Perini's counsel shall notify the Court *within one week* of the issuance of this decision whether Perini, in fact, joined in the cross-motion to vacate. Gotham, on the other hand, has not appeared or otherwise responded to Plaintiffs' claims, and is in default.

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[5] For more information about the asset freeze order, see *SEC v. Xia*, No. 21-CV-5350 (PKC) (RER), 2022 WL 20543271 (E.D.N.Y. Sept. 27, 2021).

retain new counsel" to file their answer to the SAC.  (*See* 8/14/2023 Docket Order of the Honorable Ramon E. Reyes, Jr.)  On September 6, 2023, over Plaintiffs' objection,[6] Judge Reyes granted the motion to withdraw, giving Moving Defendants until October 6, 2023 to find substitute counsel and for new counsel to enter their appearance.  (*See* 9/6/2023 Docket Order of the Honorable Ramon E. Reyes, Jr.)  Despite Moving Defendants having obtained an extension until October 6, 2023 to file their answer to the SAC, no answer was ever filed.  On December 28, 2023, upon Plaintiffs' request, the Clerk of Court issued a certificate of default against all Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a).[7]  (Dkt. 45 at ECF 1.)  On March 13, 2024, Plaintiffs filed motions for default judgment and for attorney fees against all Defendants.  (Dkts. 48–51.)  On March 25, 2024, new counsel entered their appearance for Moving Defendants, initially seeking an extension of time in which to respond to Plaintiffs' default judgment and attorney fees motions, and, on April 15, 2024, filing a memorandum opposing Plaintiffs' motions and filing a cross-motion to vacate the Clerk's entry of default.  (Dkts. 52–53, 55.)  Finally, on April 22, 2024, Plaintiffs filed a reply memorandum in support of their motion for default judgment.  (Dkt. 57 at 9.)  Gotham has not responded to the SAC or to Plaintiffs' motions for default judgment and attorney fees.

---

[6] Plaintiffs filed their objection with the then-presiding Magistrate Judge, the Honorable Ramon E. Reyes, Jr., arguing that the motion was "premature" because Moving Defendants' counsel had failed to first seek a pre-motion conference regarding the motion and that Plaintiffs were therefore denied the opportunity to respond to the motion and participate in a conference with Judge Reyes regarding the motion.  (Dkt. 40 at ECF 1–2.)

[7] Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

3

**DISCUSSION**

"A motion for default judgment will not be granted unless the party making the motion adheres to *all* of the applicable procedural rules." *Century Surety Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (emphasis added). Local Rule 7.1 requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Loc. Civ. R. 7.1(a)(2).[8] The omission of a memorandum of law that adheres to the requirements of Rule 7.1 is sufficient to warrant denial of a motion for default judgment. *Yang Ming Marine Transp. Corp. v. JAC Shipping, Inc.*, No. 20-CV-1118 (FB) (RER), 2021 WL 7908014, at *2 (E.D.N.Y. Jan. 7, 2021) (noting that failure to include a memorandum of law "is sufficient in and of itself to warrant denial of the motion for default judgment"); *see also Woo Hee Cho v. Oquendo*, No. 16-CV-4811 (MKB) (CLP), 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying a motion for default judgment on grounds that plaintiff violated Local Rule 7.1 by failing to file a memorandum of law).

Here, Plaintiffs failed to file a memorandum of law with their motion for default judgment as required by Local Rule 7.1. Although Plaintiffs' counsel submitted "an attorney declaration in support and the declarations of thirteen Plaintiffs [containing] the factual information and legal bases for establishing liability and damages under the FLSA and NYLL," (Dkt. 57 at 4 (citing Dkts. 48, 49, and 49-7 to 49-18)), such an affirmation does not take the place of a memorandum of law, *see Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176,

---

[8] The Court cites the version of Local Rule 7.1 in effect as of July 1, 2024. *See* Loc. Civ. R. 1.1 (stating general applicability of Local Rules effective July 1, 2024 to "actions pending . . . on or after that date").

4

at *3 (E.D.N.Y. Dec. 16, 2022) ("Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument, such an affirmation does not take the place of a memorandum of law."), *R. & R. adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023); *Dejana Indus., Inc. v. Village of Manorhaven*, No. 12-CV-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation.").

      Plaintiffs request the Court's leave to accept their "reply memorandum [of law] in support of their motion" for default judgment against Defendants, which they submitted only after Moving Defendants' own memorandum in opposition to Plaintiffs' motions was filed, as satisfying the memorandum of law requirement under Rule 7.1.  (Dkt. 57 at 5.)  And while a district court has the discretion to overlook Plaintiffs' failure to include a memorandum of law, *see Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"), *abrogated on other grounds*, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), Plaintiffs fail to identify any instances in which a court has granted default judgment against defendants by accepting a different, later-filed memorandum in lieu of the original memorandum.  Courts that have excused non-compliance with Local Rule 7.1 in the past have done so based on a confluence of factors, including a defendant's apparent default and the relative simplicity of the issues at hand. *See, e.g.*, *McGlynn v. Cools, Inc.*, No. 19-CV-03520 (GBD) (DF), 2020 WL 6561658, at *5 (S.D.N.Y. July 1, 2020) (granting default judgment notwithstanding a failure to include a memorandum of law under Local Rule 7.1 "[g]iven Defendant's default, as well as the relatively straightforward nature of the issues presented"), *R. & R. adopted*, 2020 WL 5525745 (S.D.N.Y. Sept. 15, 2020); *c.f. Green Mountain Holdings (Cayman) Ltd. v. 501 Lafayette Ave LLC*, No. 21-

CV-5844 (MKB) (TAM), 2023 WL 6594003, at *3 n.5 (E.D.N.Y. Aug. 18, 2023) (deciding to construe defendant's cross-motion to vacate the entry of default as their opposition to plaintiff's motion for default judgment notwithstanding their lack of compliance with Local Rule 7.1).

Here, the Moving Defendants have retained new counsel, even if belatedly, cross-moved to vacate the entry of default, and appear ready and able to litigate the issues on the merits. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (describing Second Circuit's preference for resolving disputes on the merits, because default judgments are the "most severe sanction which the court may apply" (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005))); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits."). Moving Defendants' actions, especially following the withdrawal of their counsel, sharply contrast those of Defendant Gotham, which has not answered the SAC nor opposed the entry of default or the default judgment motion, and has not otherwise indicated any intention to litigate this case on the merits. The Court therefore finds that, under these circumstances, Plaintiffs' failure to file a memorandum of law in support of their default judgment warrants vacating the order of default and denying Plaintiffs' motion for default judgment.[9]

Lastly, Plaintiffs request attorney fees as the prevailing party in this action. "Attorneys' fees and costs in FLSA actions generally arise in three contexts: (1) fee applications following a ruling in favor of plaintiff; (2) fee applications following a settlement where the settlement

---

[9] In light of this ruling, the Court need not and does not consider the parties' arguments as to why the entry of default should or should not be set aside for "good cause" under Rule 55(c). *See Yang Ming Marine Transp. Corp.*, 2021 WL 7908014, at *2 (noting that failure to include a memorandum of law "is sufficient in and of itself to warrant denial of the motion for default judgment").

agreement reserves the questions of fees and costs for the court to decide; and (3) settlements incorporating attorneys' fees and costs into the settlement amount." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600–01 (2d Cir. 2020) (citations omitted); *Garcia v. SBKU Servs. Inc.*, No. 17-CV-3130 (JMA) (ARL), 2021 WL 1394480, at *1 (E.D.N.Y. Feb. 25, 2021), *R. & R. adopted as modified*, 2021 WL 1186321 (E.D.N.Y. Mar. 30, 2021). None of these contexts apply here. Given the Court's finding that Plaintiffs' motion was procedurally defective and that the Clerk's entry of default against Moving Defendants should be vacated, Plaintiffs are not entitled to attorney fees under the FLSA because they are not yet "prevailing plaintiffs" within the meaning of the statute.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have failed to comply with Local Rule 7.1 by failing to submit a memorandum of law in support of their motion for default judgment. Accordingly, Plaintiffs' motions for default judgment and attorney fees with regard to Moving Defendants are denied. Insofar as those motions relate to Defendant Gotham, Plaintiffs are granted leave to renew their motions for default judgment and attorney fees within sixty (60) days of this Order, and can do so on the basis of the certificate of default previously issued by the Clerk of Court against all Defendants. Plaintiffs are cautioned to re-examine all rules applicable to default judgment motions and to fully comply with them.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 5, 2024
      Brooklyn, New York